JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
BIANCA R. PUCCI
Assistant United States Attorney
Nevada Bar No. 16129
K. NICHOLAS PORTZ
Special Assistant United States Attorney
Nevada Bar No. 12473
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Bianca.Pucci@usdoj.gov
Nick.Portz@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No: 2:20-cr-00308-JAD-DJA |
| vs. | **Stipulation for a Protective Order** |
| STEPHEN THOMAS PARSHALL, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the defendant Stephen Thomas Parshall, the public, or any third party not directly related to this case, any and all unredacted discovery (the "Protected Material") in this case. The parties state as follows:

1. On November 10, 2020, a grand jury returned an indictment charging Parshall with two counts of *Sexual Exploitation of Children*, in violation of 18 U.S.C. §§ 2251(a) and (e), regarding VICTIM 1 and VICTIM 2, one count of *Coercion and Enticement*, in violation of 18 U.S.C. § 2422(b), regarding VICTIM 2, and one count of *Receipt and Distribution of Child*

1

*Pornography*, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

2. The trial is currently set for November 1, 2022.

3. The government has already produced redacted discovery in excess of 831 Bates-stamped items to defense counsel. Some of the Bates stamped items contain multiple files (*i.e.*, Bates stamp 679 was a copy of a file that included 7 links to messages sent between Parshall and other users from Kik). The previously produced discovery included redacted transcripts of recorded interviews with VICTIM 1 and VICTIM 2. The video recorded interview of VICTIM 1 and the audio recorded interview of VICTIM 2 have been available for defense's inspection at his request.

4. The defendant, Stephen Thomas Parshall, has access to review and obtain copies of all the redacted discovery produced by the government to defense counsel, including the redacted transcripts of interviews with VICTIM 1 and VICTIM 2.

5. Defense counsel has requested that the government produce unredacted copies of the video recorded interview of VICTIM 1 and the audio recorded interview of VICTIM 2 in preparation for trial. The unredacted interviews include personal identifying information of the victims.

6. In order to protect the victims revealed by the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals"). The defendant, Stephen Thomas Parshall, shall not review or obtain a copy of the Protected Material.

///

7. Without leave of Court, the Covered Individuals shall not:

   a. make copies for, or allow copies of any kind to be made by any other person of the Protected Material in this case or permit dissemination of the Protected Material at the Southern Nevada Detention Center jail facility, or any other detention facility where the Defendant is housed, to include leaving a copy of the Protected Material at any detention facility where the defendant is housed;

   b. allow any other person to watch, listen, or otherwise review the Protected Material;

   c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

   d. attach the Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice.

9. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

///

///

///

///

///

3

  10. The defense hereby stipulates to this protective order.

DATED this 10th day of October, 2022.

 Respectfully submitted,

| For the United States: | For the Defense: |
|---|---|
| JASON M. FRIERSON<br>United States Attorney | ROBERT M. DRASKOVICH, Jr. |
| */s/ Bianca R. Pucci*<br>BIANCA R. PUCCI<br>K. NICHOLAS PORTZ<br>Assistant United States Attorneys | */s/ Robert M. Draskovich, Jr.*<br>Attorney for Stephen Thomas Parshall |

**IT IS SO ORDERED:**

_____  10/11/2022
United States District Judge       Date

4